IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, MOBILE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff/respondent, | ) |
| | ) |
| v. | ) case no. 1:12-cr-00233-JB-C(2) |
| | ) |
| ANTHONY DAVID GRANGER, | ) |
|     Defendant/movant. | ) |

EMERGENCY MOTION UNDER TITLE 18 U.S.C. SECTION 3582(c)(1)(A) FOR REDUCTION IN SENTENCE

COMES NOW the Movant, Anthony David Granger, and moves the Honorable Court to issue an order of reduction in sentence under Title 18 U.S.C. Section 3582(c)(1)(A), pursuant to extraordinary and compelling circumstances which could not have been foreseen by the Court at the time of sentencing.

### Grounds for Relief

1. The Honorable Court has jurisdiction and authority to reduce the sentence imposed in this case pursuant to Title 18 U.S.C. Section 3582(c)(1)(A).
2. Movant contends that the following circumstances are extraordinary and compelling enough to warrant a thorough review:
   * The President of the United States declared a national state of emergency in March, 2020, Related to the covid-19 pandemic.
   * The United States Circuits are unanimous regarding the issue of the covid-19 pandemic being extraordinary and compelling circumstances warranting a reduction in sentence.
   * The conditions in which Movant is confined leave him vulnerable to an exposure to an Outbreak of covid-19. Movant is currently housed at Keeton Corrections of Spanish Fort, a Federal Residential Reentry Center. The living arrangements there are a dormitory style layout devoid of any opportunity or capability to practice social distancing. The common areas lead to cross-contamination and risk of unavoidable exposure.
   * The covid-19 preparedness plan implemented at Keeton Corrections consists only of mandatory wearing of masks only in the "day room" where meals are consumed. There are no extra sanitation procedures being implemented. The only other safety measures in place are the cancelling of social visits and home passes, as well as not allowing the residents passes for job search, religious activity, or job interviews. The latter restrictions render a residents reentry period as moot and not conducive to reintegration efforts, while

  still not protecting movant from possible exposure to covid from the residents who are employed in the surrounding communities. ~~[These restrictions are documented as Exhibit A]~~ A.G.

*Mobile and Baldwin counties are both considered "hot spots" for covid-19 according to Recent reports issued by the Center for Disease Control and Prevention ~~[Exhibit B]~~. A.G.

*Movant fears for his health and safety from the current conditions of his confinement and contends he would be a great deal safer and at lower risk would this Motion be granted. and he be allowed to implement the attached Release Plan[Attachment A].

*Movant further contends that a release from Federal Bureau of Prisons custody at this time would present no danger to any member of the public or to the public as a whole, and that the Title 18 U.S.C. Section 3553(a) factors would still be fulfilled should this Motion be granted.

3. It is the Movant's position that the exhaustion of administrative remedy through the Bureau of Prisons grievance procedures would not be effective to satisfy the relief requested in this Motion and therefore asks that the Honorable Court make a ruling on this Motion waiving the exhaustion requirement under the United States Supreme Court's decision in Walker v. Southern Railway, 385 U.S. 196, 87 S. Ct. 365, 17 L. Ed. 2d 294(1966), finding that the Courts may allow an exception to the exhaustion-of-remedies doctrine, where administrative remedies are inadequate or would cause irreparable harm. Because the Bureau of Prisons administrative remedy procedures routinely average six months in duration, and often longer, this meets the High Court's meaning of inadequate to satisfy the requested emergency relief in this Motion, and the delay in any decision regarding this request would cause the irreparable harm of exposing Movant to covid-19, perhaps fatally.

4. Movant was sentenced to a 10-month term of imprisonment on the 5th day of September, 2019, and has been in uninterrupted custody since August of 2019. Movant has a projected release date of the 25th day of June, 2020, meaning Movant is now serving a portion of the sentence related to conditions of probation. Movant is fully rehabilitated, having shown exceptional institutional adjustment and post-conviction rehabilitation throughout his incarceration.

<u>Requested Relief</u>

  Movant prays that the Honorable Court will review this Motion and the record closely, and issue an order reducing the remainder of his sentence to time served, thereby reducing the risk of a dangerous and unavoidable exposure to covid-19 in Movant's current condition of confinement.

  This Motion is based on this document, the attached documents, all the papers and records already on file in this matter, and on whatever argument and evidence may be presented at a hearing on this Motion.

Respectfully Submitted,

*Anthony David Granger*

Anthony David Granger

4901 Battleship Parkway

Spanish Fort, Al 36527

Done this 31st day of August, 2020.

## CERTIFICATE OF SERVICE

I, Anthony David Granger, certify that a true and correct copy of the above Motion, complete with all attachments, was sent by first-class U.S. Mail with sufficient prepaid postage to ensure delivery to the U.S. Attorney's Office for the Southern District of Alabama at 63 S. Royal Street, Suite 600, Mobile, Al 36602, on the 2nd day of September, 2020.

Respectfully Submitted,

*Anthony David Granger*

Anthony David Granger

4901 Battleship Parkway

Spanish Fort, Al 36527

Done this 31st day of August, 2020.

# ATTACHMENT A

### Release Plan

On the contingency that I be granted the relief requested in the attached motion, I have made the following release plans in order to facilitate a safe and successful return to my community:

1. Residential/Transportation
    a. Upon release I will reside with my father, Lee Granger at 17257 County Road 54 in Robertsdale, Al 36567. This is a single family dwelling in which I will be residing with only 2 other persons. It is located in a respectable community in a low-crime area, convenient to shopping. This living arrangement will provide me the opportunity to practice effective social distancing and greatly reduce my risk of exposure to covid-19. This residential plan is conducive to further rehabilitation plans. This release address has been approved through US Probation.
    b. I have a current Alabama driver's license(7300568), and reliable vehicle in order to have transportation to and from all required appointments, and, if necessary, my father has agreed to assist me with this.
2. Employment/Education
    a. I have secured gainful employment in a field I have considerable experience in, with Brian Dunn Construction of Elsinore, Al (251)550-5117. I have been employed there since 07/15/2020. This job has implemented cdc guidelines to effectively mitigate the risks of exposure to covid-19.
    b. I have applied for training and certification through AIDT, as a welder, and I plan to work in that field upon completion.
3. Support Group
    I have plans to attend NA/AA meetings in my community once it becomes safe to do so. My family is also a great source of strength to me including my 3 teenage daughters, they are my World. Finally, I will be an active member in my church upon release.
4. Leisure Time
    In my free time I will spend time with my family and I enjoy bass fishing.
5. Medical/Dental Care
    Initially, I will rely upon charitable clinics provided by reentry services in the area, but will secure private insurance through employment upon the first opportunity.

Anthony Granger
4901 Battleship Pkwy
Spanishfort AL 36527

MOBILE AL 366
08 SEP 2020 PM 2 L



United States Court House
District court clerk
113 St Joseph St Mobile AL
36602

36602-360699